LIVINGSTON v. WASHER.

(Supreme Court, Appellate Term, First Department. May 19, 1915.)

JUDGMENT ☞720—CONCLUSIVENESS—QUESTIONS CONCLUDED.

In a landlord's action for rent, the complaint alleged the making of a lease. The answer admitted the signing of an agreement for a lease, but denied that it was a lease, and for a separate defense alleged that the instrument was obtained by fraud and had been rescinded. On a trial on the merits, plaintiff was defeated. *Held* a conclusive adjudication, precluding a subsequent action on the agreement on the theory that defendant was in default because he refused to sign the lease, which was subsequently tendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. ☞720.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Philip Livingston against Monroe Washer. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued April term, 1915, before GUY and BIJUR, JJ.

Harold R. Lhowe, of New York City (Sidney J. Loeb, of New York City, of counsel), for appellant.

Henry S. Mansfield, of New York City, for respondent.

GUY, J. This is the second action brought by the plaintiff to recover a judgment against the defendant upon a paper, mainly a printed blank, of which the following is a copy:

"New York, Sept. 12, 1913.

"The undersigned landlord hereby lets, and the undersigned tenant hereby rents apartment No. 46 in house No. 640 West 139th street, borough of Manhattan, New York City, for term beginning October 1, 1913, and ending September 30, 1915, at the rental of four hundred and eighty dollars per annum, payable' monthly in advance. The tenant hereby agrees to pay the first month's rent and to sign Calder, Nassoit & Lanning's form of lease within five days from this date; otherwise this agreement may be canceled at the landlord's option.

"Deposit paid on account first month's rent $10.00, ten dollars.

"Philip Livingston, Landlord,

"By Calder, Nassoit & Lanning, as Agents.

"Monroe Washer, Tenant,

"Business Address, 345 Produce Exchange."

In the first action the plaintiff sued for rent as upon a written lease, and the complaint was dismissed on the merits. In the present action the plaintiff, on practically the same evidence, has recovered $350, being nine months' rent, less the $10 deposit, as damages; the theory being that the paper is a contract for a lease. Nugent, an employé of the plaintiff's agents, signed for the landlord, and the signatures were affixed at the building containing the apartment. At the same time

and place Nugent gave to the defendant the agents' card, on which was written the following:

"September 12, 1913.

"Received from Monroe Washer $10 deposit on a/c renting apartment No. 46, as per agreement signed to-day.   Accepted subject to owner's approval.

"B. Nugent, Renting Agent, Linlithgow."

Plaintiff's agents mailed their form of lease to the defendant September 13, 1913, and he returned it September 15th, for the reason that the terms incorporated therein were not according to agreement.  The form of lease mentioned in the alleged contract was not shown to the defendant at the time his signature was obtained.  Such form consists of 21 closely printed paragraphs containing extraordinary covenants and conditions, including covenants that the landlord shall have a lien upon the tenant's goods and furniture as security for the payment of rent, and that the hiring shall be deemed to be extended and renewed in the absence of a notice given by either party to the other on or before June 1st next preceding the termination of the term.  The defendant testified, without objection, that Nugent told him, at the time defendant signed the paper, said to be an application for an apartment, that the form of lease referred to therein was the ordinary form of lease; and Nugent testified that he told the defendant he would send him a form of lease that would satisfy him, although subsequently he stated there was no talk about the lease.  In the testimony, and the subsequent correspondence between the plaintiff's agents and the defendant, the agents referred to the alleged contract as an application for lease; and one of the agents testified that their employé, Nugent, had authority merely to sign the application.

The complaint in the former action alleged the making of a lease; the amended answer admitted the signing of an agreement, which was offered in evidence on that trial, and is the same agreement that is sued on in this action, but denied that the instrument was a lease; and for a separate defense alleged that the agreement was obtained by fraud and misrepresentation, in that plaintiff falsely represented to defendant that the lease he agreed to sign contained no particular or restrictive clause, and was to be equitably and equally binding upon the plaintiff and the defendant, and that such misrepresentations were known by plaintiff to be false, were made with intent to deceive, and were relied upon by defendant; also, as a further separate defense, that upon receipt of the lease prepared by plaintiff, defendant refused to sign the same as not in accordance with plaintiff's representations, and that thereupon an agreement was entered into between plaintiff and defendant rescinding and annulling said agreement.  Every issue involved in this action was therefore tried in that former action between the same parties, and the judgment entered in favor of the defendant, dismissing the complaint on the merits, is res adjudicata.

Judgment reversed, with costs, and complaint dismissed, with costs.

BIJUR, J., concurs.